BOSTON DAIRY COMPANY *vs.* ELIZA A. MULLIKEN.

Middlesex.    January 10, 1900. — March 2, 1900.

Present: HOLMES, C. J., MORTON, LATHROP, BARKER, & HAMMOND, JJ.

*Goods sold — Instructions — Exceptions — Matter within Discretion of Judge.*

No exception lies to the refusal to give instructions in the language requested, if
the instructions given sufficiently cover the matter of the requests.

Whether a special question shall be submitted to the jury is a matter in the dis-
cretion of the judge, as is also the question whether an account book put in
evidence shall go to the jury room.

CONTRACT, upon an account annexed, for milk sold and
delivered.  At the trial in the Superior Court, before *Bell*, J.,
the jury returned a verdict for the plaintiff; and the defendant
alleged exceptions, which appear in the opinion.

*W. O. Childs*, for the defendant, submitted the case on a brief.
*E. B. Hale*, for the plaintiff.

BARKER, J.    There was evidence tending to prove that the
milk was sold to the defendant alone, or to the defendant and
her sons upon her credit alone, and the writing, " Charge the
milk to me and I will pay for it," which the plaintiff's evidence
tended to show had been signed by the defendant and delivered
to the plaintiff, was relied upon by the latter in support of its

contention that the milk was sold to the defendant. On the other hand there was evidence tending to show that the milk was sold to the defendant's sons, who were minors, upon the strength of their statement that the defendant would be responsible, and that she signed no writing, and merely told one of her sons that she would be responsible for one week's milk. The declaration was for goods sold and delivered and upon an account annexed containing merely charges for the same goods.

The defendant asked the court to rule that if any credit was given to the sons the promise of the defendant was collateral, and unless in writing would not be binding, and that unless the jury found that the defendant's promise was in writing their verdict should be for the defendant. These instructions were refused, and the jury were told that if they were satisfied that the sons by the defendant's authority made a contract with the plaintiff to sell the defendant the milk and deliver it to her sons the plaintiff could recover, if the sale was to her alone or to her jointly with the sons; but that if they should find that the credit was given to the sons and that the defendant merely contracted to be responsible for the bill, that was not the contract sued upon and the plaintiff could not recover, adding that the contract " Charge the milk to me and I will pay for it " is not a contract of guaranty. The refusal to rule as requested was excepted to, but no exception was taken to the instructions given.

We are of opinion that the instructions given sufficiently covered the matter of the requests, so far as the necessity of a writing, if the defendant's undertaking was a collateral one, was concerned, to which aspect of the case alone the rulings refused were directed.

Whether the special question which the defendant asked to have submitted, " Did the plaintiff give any credit to the defendant's sons?" should be put to the jury was a matter in the discretion of the court. *Spurr* v. *Shelburne,* 131 Mass. 429, and cases cited. So also was the question whether the account book put in evidence should go to the jury room. *Burghardt* v. *Van Deusen,* 4 Allen, 374.

*Exceptions overruled.*