SUSAN HALLORAN *vs.* NEW YORK, NEW HAVEN, AND HART-
FORD RAILROAD COMPANY.

Suffolk.    January 11, 1912. — February 28, 1912.

Present: RUGG, C. J., MORTON, HAMMOND, SHELDON, & DECOURCY, JJ.

*Pleading, Civil,* Declaration. *Practice, Civil,* Amendment. *Damages,* In action
of tort. *Evidence,* Of special damage, Photograph.

Where in an action for personal injuries the declaration contains no allegation
as to special damages and at the trial evidence is admitted tending to show
such damages, which is objected to by the defendant but not on any ground
relating to the pleadings, the judge after a verdict for the plaintiff has a
right to allow an amendment to the declaration setting forth a claim for
such damages.

A woman who had been studying music with the intention of becoming a singer
for hire received injuries which resulted in an impairment of her voice. At the
trial of an action for her injuries she was allowed to introduce evidence of her
studies and intentions and of the injury to her voice. *Held,* that the evidence
was admitted rightly as bearing on the question of impairment of the plain-
tiff's earning capacity.

A woman who had been studying music with the intention of becoming a singer
for hire and who received personal injuries resulting in an impairment of her
voice may be allowed to show as special damages, at the trial of an action
to recover for such injuries, that by reason of her injury she was unable to
keep an appointment to sing for which she was to have received pay.

At the trial of an action by a passenger against a railroad corporation for personal
injuries received in a collision between a car in which the plaintiff was a passenger
and an engine of the defendant which ran into the car from the rear, a photograph
of the car in question, taken almost immediately after the collision, may be
allowed in evidence as tending to show the violence of the collision, although
when it was taken the engine had been backed away and some persons were
at work upon the car; and the determination of the question, whether the photo-
graph shall go to the jury room, is discretionary with the presiding judge.

TORT for personal injuries received by the plaintiff, while a pas-
senger in the rear car of a train of the defendant, caused by an
engine running into the train from the rear. Writ dated April
15, 1909.

The case was tried before *Dubuque,* J.

At the time of the trial the declaration contained only general
allegations as to damages. The plaintiff was allowed by the judge
to offer the evidence of special damages described in the opinion,

the defendant objecting, but not on any ground relating to the pleadings.

Other facts are stated in the opinion.

The jury found for the plaintiff in the sum of $5,000; and the defendant alleged exceptions.

*E. S. Kochersperger,* for the defendant.

*J. Noble,* (*H. J. Coolidge* with him,) for the plaintiff.

SHELDON, J.   The judge had a right to allow the plaintiff to amend her declaration, even after verdict. *Whipple* v. *Rich,* 180 Mass. 477, 480.   *Commonwealth* v. *National Contracting Co.* 201 Mass. 248.   The defendant's objection to the admission of evidence of special damages was not rested upon the pleadings and the merits appear to have been fairly tried without any reference to the insufficiency of the declaration.   *Quimby* v. *Jay,* 196 Mass. 584.   *Lemay* v. *Springfield Street Railway,* 210 Mass. 63.

The evidence that the plaintiff had been studying music with the intention of becoming a singer for hire, in connection with evidence of injury to her voice, had some bearing upon the question of her earning capacity.   It was competent, especially under the amendment.   *Ballou* v. *Farnum,* 11 Allen, 73, 77.   *McGarrahan* v. *New York, New Haven, & Hartford Railroad,* 171 Mass. 211.

Evidence of the loss of the engagement to sing at the Hotel Somerset was not incompetent under the amendment, if this was due to her injury and resulted in a direct loss of money.   It would not be too remote.   It does not come within the reason of most of the decisions relied on by the defendant.

There was no exception to the admission of the evidence as to her competition for a scholarship, though it was at first objected to.   The defendant's counsel was content with what was said by the judge about this.

It was not wrong to admit the photograph.   It tended to indicate the violence of the crash.   It was taken very soon, almost immediately, thereafter.   Whether it was likely to be practically instructive to the jury was for the judge to say.   The facts that the colliding engine had been backed away, and that when the photographer left the place after taking the picture men were at work on the car, were not decisive.   We cannot sustain this exception.   *Commonwealth* v. *Robertson,* 162 Mass. 90, 97.   *Beals* v. *Brookline,* 174 Mass. 1, 18.   *De Forge* v. *New York, New Haven, &*

*Hartford Railroad,* 178 Mass. 59. *McKarren* v. *Boston & Northern Street Railway,* 194 Mass. 179. *Field* v. *Gowdy,* 199 Mass. 568, 574.

The photograph having been admitted, it was for the judge to say whether it should be taken to the jury room. We cannot revise the exercise of his discretion. *Boston Dairy Co.* v. *Mulliken,* 175 Mass. 447, 448.

*Exceptions overruled.*