MORRIS H. BARNETT vs. EDWARD R. CLARK.

Hampden.   October 24, 1916. — November 27, 1916.

Present: RUGG, C. J., LORING, BRALEY, & PIERCE, JJ.

*Landlord and Tenant.   Garage.*

Where a lease of a certain building, after using the words "lease" and "demise," describes the leased premises as "the garage" at a certain number on a street named, the lessee covenants to "pay for all gas, electricity, heat and water used by him in conducting the said garage" and the right is given to the lessee "to sublet or sublease the aforesaid premises to [a certain corporation] for garage purposes," these words and phrases do not by implication or otherwise restrict the right of the lessee to use the premises for any lawful purpose, and there is no implied warranty that the premises when leased were or that they will continue to be fit or usable for the purposes of a garage.

In an action on the covenant to pay rent contained in the lease above described it was *held* that the presiding judge rightly excluded evidence offered by the defendant of police regulations that went into effect about two and a half years after the date of the lease, which made it unlawful to use the leased building for a garage without changes and alterations that would cost between two and three thousand dollars, which the plaintiff refused to make.

CONTRACT on a covenant to pay rent contained in a lease of the premises numbered 457 on Worthington Street in Springfield. Writ dated December 14, 1914.

The answer, among other things, alleged "that said demised premises were at the time of the execution of said lease solely fitted for use as a garage and were not adapted for other purposes and had no value under said lease except for use as a garage; and that defendant has not paid the rent for the month of November, 1914, but he has otherwise fully complied with and performed all the covenants and agreements that said lease contained on his part to be performed; that some time in 1914, under and by virtue of St. 1904, c. 370, and amendments thereto, certain rules and regulations were made by the Massachusetts District Police, to

become effective on the first day of October, 1914, . . . that by reason of said rules and regulations certain changes and altera- tions were necessitated in said building; that by reason of said rules and regulations said building was rendered untenantable for the purpose to which its use was limited in the lease unless such changes and alterations were made; that said changes and alterations in said building would necessitate the expenditure of a large sum of money; that the defendant, owing to the refusal of the plaintiff to make such changes and alterations, gave notice in writing to the plaintiff that he surrendered said lease, . . . that the defendant vacated said premises on or about the thirtieth day of October, 1914, and has not since occupied the same."

· A copy of the lease was annexed to the answer. The lease began as follows:

"This indenture made the second day of March in the year of our Lord, one thousand, nine hundred and twelve.

"Witnesseth, That I, Morris H. Barnett, of Springfield, in the County of Hampden and Commonwealth of Massachusetts, do hereby lease, demise and let unto Edward R. Clark of said Spring- field The Garage, located at 457 Worthington street in said Springfield.

"It is hereby agreed that the lessee will assume and pay all damages, demands and liabilities which may arise or be incurred by reason of any injury or damage to person or to property, and all other damages whatsoever resulting from or growing out of the maintenance, repair and operation of all elevators in said building.

"It is further agreed that the said lessee shall pay for all gas, electricity, heat and water used by him in conducting the said garage.

"The right is hereby given to the said Edward R. Clark to sub- let or sublease the aforesaid premises to the Western Massachu- setts Cadillac Co. for garage purposes.

"To hold for the term of five (5) years from the first day of March, nineteen hundred and twelve, yielding and paying therefor the rent of twenty-six hundred (2600) dollars per annum. . . ." Here followed the usual covenants and provisions.

In the Superior Court the case was tried before *Irwin*, J. It appeared that on October 28, 1914, the defendant wrote to the

plaintiff as follows: "This is to notify you that owing to the fact that your building, of which I am the lessee, is not in a condition required by the rules and regulations of the district police, which were effective Oct. 1, I hereby surrender the lease."

There was further correspondence and the keys of the building were sent by the defendant to the plaintiff and were returned by the plaintiff to the defendant. The plaintiff at all times refused to accept the defendant's attempted surrender of the lease.

The defendant offered in evidence extracts from the regulations of the Massachusetts district police mentioned above. The judge excluded all evidence of these regulations and the defendant excepted.

The defendant further offered to prove by one Hearn, an architect and engineer, that the cost of making the changes and alterations in the leased premises required by the rules and regulations would amount to $2,692. This also was excluded, subject to the defendant's exception.

The judge found that the plaintiff was entitled to recover from the defendant the sum of $216.66, with interest at the rate of six per cent per annum from December 1, 1914, to September 28, 1915, the date of the entry of the judge's finding, amounting to the sum of $10.72, making a total of $227.38.

At the request of the defendant the judge reported the case, with all questions of law arising therein, for determination by this court. If the evidence excluded should have been admitted, and, if admitted, would have constituted a defence to the plaintiff's claim, the finding was to be set aside; otherwise, the finding was to stand and judgment was to be entered for the plaintiff in the above mentioned sum of $227.38, with interest from September 28, 1915.

The case was submitted on briefs.

*W. H. Brooks, T. C. Maher & C. Brooks,* for the defendant.

*W. H. McClintock, E. A. McClintock & J. F. Jennings,* for the plaintiff.

PIERCE, J. The question presented on the report is whether in an action to recover unpaid rent due on a covenant contained in an indenture of lease, evidence should have been admitted that, after the lessee had entered under the lease, the Massachusetts district police under authority of law adopted certain regulations

governing the construction and maintenance of garages, compliance with which "necessitated the expenditure of considerable sums of money in the making of changes and alterations to make the demised premises conform thereto."

The contention that the evidence was admissible rests on the assumption that the demise was limited to garage purposes, because it speaks of the leased premises as "The Garage" and because there is excepted from the covenant of the lease not to sublet the right "to sublet or sublease the aforesaid premises to the Western Massachusetts Cadillac Co. for garage purposes." We are of opinion that the partial and restricted release of the covenant of the defendant not to lease or underlet did not by implication destroy or cut down the right (otherwise created by the words "lease" and "demise") to use "The Garage" for any lawful purpose, and that the use of the descriptive words "The Garage" did not raise an implied warranty that the premises were when leased or would continue to be fit or usable for garage or any other purpose. *Dutton* v. *Gerrish,* 9 Cush. 89. *Taylor* v. *Finnigan,* 189 Mass. 568. *Lumiansky* v. *Tessier,* 213 Mass. 182.

The case at bar presents no fact to warrant a finding of actual or constructive expulsion of the lessee from the use and enjoyment of the whole or of any part of the premises by any intentional or wrongful act of the lessor. *Bartlett* v. *Farrington,* 120 Mass. 284. *Skally* v. *Shute,* 132 Mass. 367. *Voss* v. *Sylvester,* 203 Mass. 233, 240. The fact that the premises have remained unoccupied by the lessee since the order of the district police went into effect, does not distinguish the case at bar from the case of *Taylor* v. *Finnigan, supra.*

It follows that the evidence was excluded rightly, and that in accordance with the terms of the report judgment is to be entered for the plaintiff in the sum of $227.38 with interest from September 28, 1915.

*So ordered.*