FREDERIC H. VIAUX vs. JOHN T. SCULLY FOUNDATION CO.

Suffolk.    November 14, 1923. — January 4, 1924.

Present: RUGG, C.J., CROSBY, PIERCE, & CARROLL, JJ.

*Landlord and Tenant,* Tenant's liability for damages to premises.    *Contract,* Construction.    *Proximate Cause.    Practice, Civil,* Requests for instructions. *Evidence,* Presumptions and burden of proof.

The owner of a wharf fronting on the Charles River wrote a letter to a corporation reading as follows: " You may occupy for the storage of sand and gravel or other building material that part of my wharf on Commerical Avenue, fronting on the Charles River and extending 100 ft. back from the seawall, for the period of four months from this date to September 1st next for a rental of $150. per month payable in advance on the first day of each month beginning May 1, 1917.  Any damage to the premises arising from your occupation is to be made good by your company.  Usual provisions of tenancy are to prevail including termination of your rights in the event of taking of the premises by any public authority and the right is reserved by me to terminate upon thirty days notice in case a permanent tenant for the premises is obtained.  Please acknowledge and accept the above in writing."  The corporation replied to the letter as follows: " Replying to your letter of the 1st inst. would say that we accept the terms of the same for rental of your wharf."    *Held,* that the two letters contained apt words to operate as a present demise and constituted a lease.

The corporation took occupancy under the provisions of the lease above described and deposited large quantities of sand and gravel upon the wharf and its retaining wall was pushed outward and fell, causing damage, which the proprietor of the wharf contended arose out of the occupation of the premises within the meaning of the provisions of the agreement and to recover compensation for which he brought an action against the corporation.  At the trial of the action the defendant contended that the wall fell owing to dredging in connection with the construction of the Charles River Basin, the action of the currents of the stream, the condition of the piles, the age of the wharf, the percolation of waters into and under it, and other causes independent of occupation by the defendant, and asked for a ruling that the defendant would not be liable unless the presence of the sand and gravel was the predominating cause of the damage.  The trial judge refused to rule as requested and ruled that the presence of sand and gravel need not have been the sole cause of the damage, but that, if the weight of the material caused it wholly or in part, the defendant would be liable.  The defendant excepted.    *Held,* that the exception must be overruled.

An exception to the refusal of a judge presiding at a trial to grant a request, not presented in writing nor before the arguments of counsel as required by Rule 44 of the Superior Court (1923), must be overruled.

At the trial of the action above described, it was proper for the trial judge to refuse to instruct the jury upon the meaning of the words in the lease, "Usual provisions of tenancy are to prevail," since those words had no bearing upon the issues involved in the action on trial.

The determination of the question, whether or not special questions shall be framed for the jury at the trial of an action of contract, lies wholly within the discretion of the trial judge and no exception lies to the denial of a request therefor.

At the trial of an action for rent under a lease in writing, it is proper to order a verdict for the plaintiff where it is undisputed by the defendant that the lease was entered into and that the rent claimed had not been paid, and no legal defence against the paying of the rent was set up.

It was no defence to the action for rent under the lease above described that, by reason of the falling of the retaining wall, the wharf, which was the subject of the letting, could no longer be used by the defendant for the purposes for which it was hired, there being no implied covenant or warranty by the lessor that the premises were fit for any particular use and no agreement that the defendant's promise to pay rent should abate or suspend upon the happening of such an event as the falling of the wall.

The mere falling of the wall in the circumstances above described did not amount to an eviction of the lessee which would be a defence to an action by the lessor for the rent agreed to be paid.

CONTRACT, with a declaration in three counts, the second count being waived by the plaintiff, the first count being for rent under the contract described in the opinion, and the third count being for damages alleged to have been sustained by acts of the defendant upon the premises leased. Writ dated April 12, 1918.

The action was tried in the Superior Court before *Quinn*, J. Material evidence is described in the opinion. At the close of the evidence, the defendant asked for the following rulings:

" 4. That if the wharf became untenantable as such, there would be no obligation on Scully company to pay rent, as the subject matter of the letting must be kept in force, and that if it ceased its usefulness as a wharf, or could not be used as such, the defendant would not be liable for rent.

" 5. That if the jury find that Mr. Viaux prohibited the defendant from having barges made fast to the wharf, that would be an eviction, and the defendant would not be liable for rent and the tenancy would be terminated."

" 10. If the jury believe that the predominating cause or causes of the slipping of the wall was the inherent character

of the wall, the dredging and rotting away of the retaining piles, the effect of the current upon the soil, and the oozing out of the earth between the piles because of a lack of sheathing and because of the percolating of water from the wooden bulkhead sewer through and across the land of the plaintiff, that if all or any of these causes were the predominating cause of the wharf slipping, then the plaintiff is not entitled to recover."

" 14. That in order for the plaintiff to recover, the jury must find that the predominating cause of the sliding was the weight of sand or gravel upon the wharf.

" 15. The jury can only find for the plaintiff by showing that the defendant had committed voluntary waste; that the defendant is not liable for permissive waste."

The rulings were refused. By order of the trial judge a verdict was entered for the plaintiff on the first count. The third count was submitted to the jury. The jury found for the plaintiff on the first count in the sum of $762.90, and for the plaintiff on the third count in the sum of $13,745.68. The defendant alleged exceptions.

*J. H. Hurley,* (*W. J. Drew* with him,) for the defendant.
*E. K. Arnold,* (*A. B. Carey* with him,) for the plaintiff.

CROSBY, J. This is an action of contract to recover, under the first count of the declaration, for rent of premises in the city of Cambridge alleged to have been leased to the defendant, and under the third count for damages claimed to have arisen from the occupation of the premises so leased. The second count was waived. The trial judge directed a verdict for the plaintiff on the first count; the third was submitted to the jury, who returned a verdict for the plaintiff.

The rights and obligations of the parties arise from two letters; the first, dated May 1, 1917, is from the plaintiff to the defendant, and so far as pertinent to the issues involved is as follows: " You may occupy for the storage of sand and gravel or other building material that part of my wharf on Commercial Avenue, fronting on the Charles River and extending 100 ft. back from the seawall, for the period of four months from this date to September 1st next for a rental of $150. per month payable in advance on the first

day of each month beginning May 1, 1917.  Any damage to the premises arising from your occupation is to be made good by your Company." By letter dated May 5, 1917, the defendant answered: " Replying to your letter of the 1st inst. would say that we accept the terms of the same for rental of your wharf."

The record shows that the defendant had occupied the wharf under a similar agreement for the four months next prior to May 1, 1917, and continued to occupy it until May 11, 1917, for the storage of sand and gravel; on that date a portion of the front wall of the wharf gave way and bulged outward, causing the damage for which the plaintiff seeks under the third count to recover by virtue of the agreement. The defendant's exceptions relate to the admission and exclusion of evidence, to the refusal of the judge to give certain rulings, and to certain parts of the charge.

The letter from the plaintiff to the defendant and the reply of the latter purport to be a contract under which the premises are to be occupied; the rights and relations of the parties are defined in the letters, which contain apt words to operate as a present demise, and are to be so construed; accordingly the exception to the ruling that the letter and acceptance constitute a lease cannot be sustained. *McGrath* v. *Boston*, 103 Mass. 369.  *Shaw* v. *Farnsworth*, 108 Mass. 357.  *Duncklee* v. *Webber*, 151 Mass. 408.

It is the contention of the plaintiff that owing to the depositing by the defendant of large quantities of sand and gravel on the wharf, the retaining wall was pushed outward, causing the injury complained of; and that the damage arose out of the occupation of the premises within the meaning of the terms of the agreement.

The defendant contends that owing to dredging in connection with the construction of the Charles River Basin, the action of the currents of the stream, the condition of the piles, the age of the wharf, the percolation of waters into and under it, and other causes independent of occupation by the defendant, the wall fell.  The question whether the fall of the wall was due wholly or in part to acts of the defendant in depositing sand or gravel on the wharf, or was wholly the

result of other causes over which the defendant had no control, was submitted to the jury under full and appropriate instructions. The trial judge ruled that the presence of sand and gravel need not have been the sole cause of the damage, but that, if the weight of the material caused it wholly or in part, the defendant would be liable.

The defendant's request for a ruling that the defendant would not be so liable unless the presence of the sand and gravel was the predominating cause of the damage, could not properly have been given. It was enough to establish liability to show that the acts of the defendant were a concurring cause to the fall of the wall, and the judge so instructed the jury. The contract governs and the rights of the parties are to be determined thereby. As was said in *Travelers' Ins. Co.* v. *Melick,* 65 Fed. Rep. 178, at page 184: " It must be borne in mind that the doctrine of proximate cause has a different relation to an action for negligence from that which it bears to a contract to indemnify for the result of a given cause. In the former it measures the liability, while in the latter the contract fixes the extent of the liability." *Lothrop* v. *Thayer,* 138 Mass. 466, 475.

The rights of the plaintiff and the obligations of the defendant arise under a contract, and do not involve negligence of the defendant, nor good or bad faith on its part. The contract is to be construed in accordance with the natural and usual meaning of the language used. If the weight of the material placed upon the wharf was a concurring cause to the fall of the wall, it is clear that there was a causal connection between the act of the defendant and the pushing out of the wall. *McNicol's Case,* 215 Mass. 497. It cannot properly be held that the defendant would be exempt from liability unless the sole or predominant cause of the fall of the wharf was due to the occupation of the defendant; so to hold would be contrary to the language of the contract.

There was no warranty as to the condition of the wharf or that it was fit for the purpose for which it was hired. Accordingly the defendant's tenth and fourteenth requests were rightly refused, and the exception to this part of the charge

must be overruled.  *Dutton* v. *Gerrish,* 9 Cush. 89.   *Taylor* v. *Finnigan,* 189 Mass. 568.   *Barnett* v. *Clark,* 225 Mass. 185.

The fifteenth request that " The jury can only find for the plaintiff by showing that the defendant had committed voluntary waste; that the defendant is not liable for permissive waste," was inapplicable to the facts; no question of waste is involved in the present action which is brought upon a written lease to recover damages arising out of the occupation by the defendant of the leased premises.  The rights of the parties are to be determined by the proper construction of the language which they saw fit to adopt. *Lothrop* v. *Thayer, supra.*  The decision in *Means* v. *Cotton,* 225 Mass. 313, is not relevant to the facts in the case at bar. This request was rightly denied.

The exception to the refusal of the trial judge to comment on the testimony of the witnesses White and Adams after the charge must be overruled.  It is enough to say that the request was not in writing, and was not presented before the arguments, as required by Rule 44 of the Superior Court (1923); besides it was objectionable upon other grounds. *Commonwealth* v. *Hassan,* 235 Mass. 26.

The exception to the refusal of the judge to instruct the jury as to the meaning of the words " Usual provisions of tenancy are to prevail," is unsustainable.  This request was not made in compliance with Rule 44 of the Superior Court (1923) and apart from that objection these words of the lease have no bearing upon the issues involved.

The exception to the refusal of the judge to frame a special question for the jury is without merit.  It is well settled that whether such questions are to be submitted to a jury is wholly within the discretion of the court.  *Boston Dairy Co.* v. *Mulliken,* 175 Mass. 447.  *Hill* v. *Hayes,* 199 Mass. 411.

It being undisputed that the defendant entered into the agreement and has not paid any rent as required by its terms, and as no legal defence was shown to the claim therefor, the court rightly directed a verdict for the plaintiff on the first count.  *Campbell* v. *Whoriskey,* 170 Mass. 63.  *Gaston* v. *Gordon,* 208 Mass. 265, 270.  *McIntire* v. *Conlan,* 223 Mass. 389, 903.  *Zielmann* v. *Copelof,* 232 Mass. 393, 396.

If the wharf by reason of the fall of the retaining wall could no longer be used by the defendant for the purpose for which it was hired, the defendant was not relieved from liability to pay rent. There was no implied covenant of warranty that the premises were fit for any particular use, *Barnett* v. *Clark, supra,* and the defendant's promise to pay rent is not abated or suspended by the injury to the wharf in the absence of an agreement to that effect. Therefore the defendant's fourth request was rightly denied. *Kramer* v. *Cook,* 7 Gray, 550, 553. *Roberts* v. *Lynn Ice Co.* 187 Mass. 402.

The fifth request could not properly have been given as there was no evidence which would have warranted a finding that there was an eviction. *Taylor* v. *Finnigan, supra,* at page 573.

It is apparent from what has been said that there was no error in the refusal of the trial judge to give any of the defendant's requests for rulings, or in the instructions to the jury.

We have carefully examined all the exceptions to the admission and exclusion of evidence; it would not seem necessary that they be considered in detail; it is apparent that none of them can be sustained.

The trial judge accurately ruled upon all questions which arose respecting the evidence presented, and fairly, fully and correctly instructed the jury upon all the material issues.

As no error of law appears, the entry must be

*Exceptions overruled.*