## CHICAGO, B. & Q. R. CO. v. CONWAY.

Circuit Court of Appeals, Eighth Circuit.
November 17, 1928.

No. 8119.

Douglas W. Robert, of St. Louis, Mo. (H. J. Nelson, of St. Joseph, Mo., on the brief), for plaintiff in error.

Lyon Anderson, of St. Louis, Mo. (John S. Leahy, Walter H. Saunders, Lambert E. Walther, Harold F. Hecker, and William O'Herin, all of St. Louis, Mo., on the brief), for defendant in error.

Before BOOTH, Circuit Judge, and POLLOCK and DEWEY, District Judges.

POLLOCK, District Judge. Defendant in error, as plaintiff, brought this action against the railroad company to recover damages for personal injuries received while riding as a passenger on one of defendant's trains, which train was derailed and plaintiff injured by being thrown against a washstand in the washroom of a Pullman car. Liability for the damages received by plaintiff is admitted, and only the question of the amount of damages for the injuries received is in dispute. The jury allowed plaintiff $20,000. The assignments of error bring before this court for review only three grounds of error, namely:

The overruling of objection to the evidence of an expert, one Dr. Tooker, who was allowed to testify after having heard a detailed account of the nature of the accident, the character of the injury sustained by plaintiff, that in his opinion as an expert the double vision from which the plaintiff claims to have been suffering was caused by the injury received; (2) in allowing a witness, Richards, to testify as to the value of the personal services of the plaintiff when employed by the Mercantile Trust Company of St. Louis, as it is testified that company offered to employ him; (3) in overruling a motion for a new trial based upon the ground a juror on his voir dire, when asked if he was acquainted with counsel for the plaintiff, remained silent, and did not respond when in truth, and, in fact, shortly before this, the juror had sat in a case tried by counsel for plaintiff, and a verdict in that case was rendered in favor of the client represented by counsel for plaintiff, and, further, in the jury shaking hands with the counsel for plaintiff as he was leaving the courtroom on

an adjournment of the court. Of these in their order.

■ While the form of the question propounded to the witness Dr. Tooker was not the best, yet, in the light of the authorities on this subject, we do not find it was so unusual in practice or prejudicial in its nature as to call for reversal of the judgment. Among other cases on this subject, see, in Missouri, O'Leary v. Scullin Steel Co., 303 Mo. 363, 260 S. W. 55; Busch & Latta Paint Co. v. Construction Co., 310 Mo. 419, 276 S. W. 614, in which it is held the evidence offered and received in this case was not prejudicial, entirely overruling former decisions of that court. See, also, Denver & R. G. R. Co. v. Roller (C. C. A.) 100 F. 738, 49 L. R. A. 77, and Chicago Rys. Co. v. Kramer (C. C. A.) 234 F. 245. The above cases, and many others, hold the question and answer in this case complained of are not erroneous.

■■ In so far as the second ground of error stated is concerned, we are of the opinion the evidence adduced was competent, as it had a tendency to inform the jury, not as to the actual value of the personal services of the plaintiff, but as to what manner of man he was; that is, as to what his standing, character, and reputation was among his fellowmen. As the jury had before it the problem of estimating the loss sustained by plaintiff from the injury he had received, of necessity, it should be advised, not only that the plaintiff was a man, or a person, but as to the character or standing of this man, or person, in the community among the people where he lived. Northern Pac. Ry. Co. v. Wendel (C. C. A.) 156 F. 336; Halloran v. R. Co., 211 Mass. 132, 97 N. E. 631; Lake Shore & M. S. Ry. Co. v. Teeters, 166 Ind. 335, 77 N. E. 599, 5 L. R. A. (N. S.) 425; Fishburn v. Ry. Co., 127 Iowa, 483, 103 N. W. 481, and many other cases.

■ The remaining ground of error arose on the action of the trial court in overruling a motion for a new trial. This motion presented other grounds aside from this conduct of the juror of which complaint is made, but the denial of the motion for a new trial cannot be made a ground of error. Smith v. U. S. (C. C. A.) 281 F. 696; Mattox v. U. S., 146 U. S. 140, 13 S. Ct. 50, 36 L. Ed. 917. True, in Holmgren v. U. S., 217 U. S. 509, 30 S. Ct. 588, 54 L. Ed. 861, 19 Ann. Cas. 778, after a discussion of the Mattox Case above cited, and a ruling thereon, the court said:

"But, it is urged, that notwithstanding the objection was first taken in this case upon the motion for a new trial, this court may notice a plain error not properly reserved in the record. Undoubtedly the court has this authority and does sometimes exercise it."

But the above remark of Mr. Justice Day was in a criminal case, and is exercised at times where a plain error going to the substantial rights of the defendant is found within the record. We are not of the opinion that there is any such error in this case as should call for a review of the case upon any of the assignments of error found in the record.

The judgment must be affirmed.