BROWNING-DRAKE CORPORATION *vs.* AMERTRAN SALES
COMPANY.

Middlesex.   January 19, 1931. — February 24, 1931.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, & SANDERSON, JJ.

*Corporation*, Foreign: service of process; Officers and agents. *Practice, Civil*, Service of process, Amendment of officer's return, Special questions to jury. *Agency*, Existence of relation. *Evidence*, Competency.

In an action against a foreign corporation, the officer's return showed service on a certain woman as the defendant's "Cashier and person in charge of its business." The defendant appeared specially and filed a plea in abatement alleging want of jurisdiction. At the trial of the plea in abatement, there was evidence that the defendant was a selling agent for another foreign corporation; that its name appeared on the door of an office in a city in this Commonwealth and in the telephone directory thereof, although it did not own any of the furniture or fixtures in the office; that a quantity of the product of its principal was kept on the premises in the city to be sold in the office; that money was received there for such goods; that the woman, who was paid by the defendant's treasurer, was at times the only person in charge of the office; and that she sold and received payment for goods of the defendant, made out invoices, shipped material to customers and wrote letters to the defendant's principal. The jury found, in answer to special questions, that the defendant had a usual place of business in this Commonwealth and that the woman was its cashier and agent in charge of its business. More than a year after the trial, and as of the last day thereof, the judge allowed a motion by the officer to amend his return on the writ by substituting the word "agent" for "person" therein. Upon a report by the judge under G. L. c. 231, § 111, it was *held*, that

(1) No error appeared in the allowance of the motion to amend the return;

(2) Findings were warranted that the defendant had a usual place of business in this Commonwealth within the meaning of G. L. c. 223, § 38; that the woman was the defendant's cashier and agent in charge of its business here; and that the service on her was in compliance with G. L. c. 223, §§ 37, 38;

(3) No error appeared in the submission of the special questions to the jury;

(4) Testimony by a witness who was in the defendant's office after the date on which service was made, that he "noticed . . . [the woman] and generally the same stock of goods that . . . [he] saw a few days before," was admissible and warranted an inference of a continuity of relationship between the defendant and the woman;

(5) An invoice, bearing on its heading the defendant's name and the address of the office, and purporting to show a sale of an article by the defendant to the plaintiff, was admissible to show that the defendant had a place of business at that address;

(6) The plea in abatement was overruled.

CONTRACT. Writ in the Third District Court of Eastern Middlesex dated July 12, 1928.

The defendant appeared specially and filed a plea in abatement alleging that it was a foreign corporation over which the court had no jurisdiction. On removal to the Superior Court, the plea in abatement was tried before *Macleod*, J., on June 24 and 25, 1929. Material evidence is stated in the opinion. The judge denied a motion by the defendant that a verdict be ordered in its favor. Rulings requested by the defendant and refused, material portions of the charge to the jury and special questions to them are described in the opinion. The judge reported the action for determination by this court.

*J. M. Maloney*, (*M. B. Lynch* with him,) for the defendant.

*A. E. Yont*, for the plaintiff, submitted a brief.

CROSBY, J. This is an action of contract brought in the Superior Court by the plaintiff, a Massachusetts corporation, against the defendant, described in the writ as "a corporation having a usual place of business in Cambridge in said County of Middlesex." The writ is dated July 12, 1928. The material parts of the officer's return of service are as follows: "Middlesex, ss.; July 17, A.D. 1928. By virtue of this writ, I this day attached a chip as the property of the within-named defendant corporation, Amer Tran Sales Company, and summoned it to appear and answer at court by giving an attested copy, together with a summons, of this writ in hand to Edna Tucker, its Cashier and person in charge of its business. J. Fisk Ford Deputy Sheriff." After the trial of issues raised on a plea in abatement, subject to the defendant's exception, the judge ordered the following to be inserted in the substituted bill of exceptions: "During the progress of the trial at a conference in the Lobby the Court stated that if the officer would present a motion to amend the officer's re-

turn, he would allow it. On August 21, 1929 the officer filed a motion that the word 'agent' be substituted for the word 'person' in his return. This motion was allowed on October 22, 1930 as of June 25, 1929 against the objection of the defendant who duly excepted thereto."

The defendant appeared specially and filed a plea in abatement which, in effect, denied the jurisdiction of the court, and alleged that it is a corporation organized under the laws of the State of New Jersey and having a usual place of business in Newark in that State; that it was not at the date of the writ, or at any time thereafter, engaged in or soliciting business in the Commonwealth, and did not at any time have in this Commonwealth any agent or officer authorized to transact business in the name of the corporation; that Edna Tucker was not at the time of the said service clerk, cashier, secretary, agent or other officer in charge of its business; that there was no other service of process in this action, and that no attachment of property was made.

At the close of the evidence, all of which so far as material is reported, the defendant filed a written motion for a directed verdict; this motion was denied and the defendant excepted. The judge, subject to the defendant's exception, submitted the following questions to the jury: (1) "Did the defendant corporation at the time of the service of this writ have a usual place of business in the Commonwealth?" (2) "Was it then engaged in or soliciting business in the Commonwealth, whether permanently or temporarily?" (3) "Was Edna Tucker, at the time of the service of this writ upon her, the cashier of the defendant corporation?" (4) "Was Edna Tucker, at the time of such service, the cashier of the defendant corporation, in charge of the business?" (5) "Was Edna Tucker, at the time of such service, the agent of the defendant corporation in charge of its business?" The jury answered each question in the affirmative. The defendant submitted seventeen requests for rulings, all of which except the fifteenth were refused; to such refusal the defendant excepted.

The judge was authorized in his discretion to allow the amendment to the officer's return of service. G. L. c. 231, §§ 51, 52, 53. *Shepherd* v. *Jackson,* 16 Gray, 599. *United Drug Co.* v. *Cordley & Hayes,* 239 Mass. 334, 338. The fact that the motion was allowed after the questions submitted to the jury had been answered and the jury had been discharged, did not in any event affect the rights of the defendant, as there was evidence, without amendment of the return, which warranted a finding that proper service had been made upon Tucker as cashier of the defendant corporation.

The questions of law presented for decision arising upon the defendant's plea in abatement are before us on a report under G. L. c. 231, § 111, which recites that reference is made to the bill of exceptions filed by the defendant in which the exceptions arising upon the plea in abatement are fully set forth together with all the material evidence.

There was evidence tending to show the following facts: The defendant's main office was in Newark, New Jersey; it was a selling agent for the American Transformer Company. The name of the defendant and the name of the Browning-Drake Speaker Sales Company appeared on the door of an office in Cambridge; the defendant was not the lessee of the office and did not own any of the furniture or office fixtures. The defendant's name was in the telephone directory. A stock of products of the American Transformer Company was kept on the premises to be sold by the defendant in the Cambridge office, and money was received for such products there. Upon the finding of these facts a further finding was justified that the defendant was a foreign corporation with a usual place of business in this Commonwealth within the meaning of G. L. c. 223, § 38. *Attorney General* v. *Electric Storage Battery Co.* 188 Mass. 239. *Marconi Wireless Telegraph Co. of America* v. *Commonwealth,* 218 Mass. 558, 567. *Reynolds* v. *Missouri, Kansas & Texas Railway,* 224 Mass. 379. *Plibrico Jointless Firebrick Co.* v. *Waltham Bleachery & Dye Works, ante,* 281.

There was evidence from which it could have been found

that one Tucker, above referred to, was at times the only person in charge of the office; that she sold and received payment for goods of the defendant; that no retail business was ever done there; that she made out invoices, shipped material to customers and wrote letters to the American Transformer Company, in Newark; that she was paid by one Pope who was treasurer both of the defendant corporation and of the Browning-Drake Speaker Sales Company. This evidence warranted a finding that Tucker was a cashier and an agent in charge of the defendant's business in Cambridge, and that service on her was in compliance with G. L. c. 223, §§ 37, 38, which provide that service upon a foreign corporation with a usual place of business in this Commonwealth may be made by service upon " the clerk, cashier, secretary, agent or other officer in charge of its business . . . ."

It was within the discretion of the trial judge to submit the five questions to the jury. *Graves* v. *Washington Marine Ins. Co.* 12 Allen, 391. *Boston Dairy Co.* v. *Mulliken,* 175 Mass. 447, 448. *Hart* v. *Brierley,* 189 Mass. 598, 604. *Walsh* v. *Adams,* 245 Mass. 1, 6. The exception to the submission of the questions to the jury must be overruled.

It remains to consider the exceptions to the refusal to grant the defendant's requests for rulings. The first five and the thirteenth could not properly have been given: they relate to questions of fact which were rightly submitted to the jury. As it is plain it could have been found upon the evidence that the defendant was properly served with process, the findings were not in violation of the defendant's rights under the Fourteenth Amendment to the Federal Constitution. Accordingly the defendant's exception to the refusal of the judge to give the seventeenth request must be overruled. The sixth, seventh and eighth requests are waived by the defendant. As to the fourteenth request, although it was not given in exact terms, it is plain from a reading of the charge that it was in substance covered. The ninth request that the officer's return on the writ does not purport to state that service was made on any agent of the corporation in charge of its business,

could not properly have been given for the reasons hereinbefore stated. The tenth request called for a definition of the word " cashier " and cites the definition of that word as given in Webster's International Dictionary. The judge in his instructions fully and accurately explained to the jury what " cashier " meant as used in the statute relating to the service of process on a foreign corporation with a usual place of business in this Commonwealth. The refusal to grant this request fails to show any error. The eleventh, twelfth and sixteenth requests were rightly denied as they dealt with certain specific portions of the evidence. *Bourne* v. *Whitman,* 209 Mass. 155, 164. *Hunt* v. *Boston Terminal Co.* 212 Mass. 99, 101. *Ayers* v. *Ratshesky,* 213 Mass. 589, 593.

During the redirect examination of a witness called by the plaintiff, he testified that he was in the defendant's office after July 17, 1928. He was asked " What did you see there? " The defendant excepted to the admission of this question. The witness replied, " I noticed Miss Tucker and generally the same stock of goods that I saw a few days before." This question and the answer were admissible and warranted an inference of a continuity of relationship between the defendant corporation and Miss Tucker. See *Phillips* v. *Chase,* 201 Mass. 444, 448.

On further redirect examination of this witness, he produced an invoice purporting to show a sale of a " resistor " by the defendant to the plaintiff. It was dated May 7, 1928, and bore the heading " AmerTran Sales Company, 552 Massachusetts Avenue, Cambridge." The invoice was admitted in evidence subject to the defendant's exception. The heading on the invoice was evidence which tended to show that the defendant had a place of business at that address. The exception to its admission is without merit.

The defendant saved two exceptions to certain parts of the judge's charge. They need not be referred to in detail. A careful examination of the entire charge shows no error. These exceptions must be overruled.

There was no error in the submission of the questions

to the jury, and in view of the answers thereto the plea in abatement is overruled.   The defendant's exceptions are overruled, and the case is to stand for further disposition in the Superior Court.

*So ordered.*