Sullivan,
No. 4386.

### RICHARD H. PERRY *v.* CHAMPLAIN OIL CO.

Argued May 3, 1955.

Decided June 22, 1955.

*Upton, Sanders & Upton* (*Mr. Richard F. Upton* orally), for the plaintiff.

*Wyman, Starr, Booth, Wadleigh & Langdell* and *Philip G. Peters* (*Mr. Peters* orally), for the defendant.

BLANDIN, J.  The plaintiff's argument according to his brief is based upon three principal propositions.  First, that it is an implied provision of the lease that the defendant will do nothing to materially diminish the value of its performance and this implied provision the defendant has breached.  Second, that it is an implied provision of the lease that the defendant will distribute Sunoco products to the plaintiff's station as a Sun Oil Company station and that the impossibility of so doing gives the plaintiff a right to rescind.  Third, that the cancellation of the defendant's distributorship of Sunoco products caused a material commercial frustration of the objectives of the lease, giving rise to a right of rescission.

Taking up these propositions in order, it appears the Trial Court found that the cancellation of the agreement between the defendant and the Sun Oil Company was necessary because of business conditions and that the parties did not intend that the defendant be bound to market Sunoco products exclusively at the plaintiff's station.  We believe there was evidence to sustain the finding that the defendant acted reasonably in cancelling its contracts with Sun Oil Company since, among other facts, the latter had made it plain that it was going to cancel its contracts with the defendant and sell gasoline products directly without employing any distributor. The defendant's representative testified as a result of this his company would be "out of business" unless it could obtain another

source of supply. It seems clear that a finding of a breach of the "implied covenant of good faith and fair dealing" necessary to sustain the plaintiff's position on this issue (Williston, Contracts, s. 670, p. 1926) was not compelled.

While it is true that the interpretation of written contracts is for this court (*Lynch* v. *Grundy*, 97 N. H. 286, 288, and cases cited), the writing is to be interpreted in the light of all the surrounding circumstances which are facts to be found by the Trial Court. *Irwin* v. *Company*, 95 N. H. 20, and cases cited. That Court has found that the terms of the lease did not restrict the defendant exclusively to the sale of Sunoco products and that while the parties intended and expected Sunoco products to be sold, neither "contemplated a subsequent failure" of the Sunoco supply and the defendant "could not guarantee" that such products would be supplied to the station during the terms of the fifteen-year lease. These findings are sustainable and in the light of them and other facts we are content with the Trial Court's interpretation that the defendant was not restricted by the lease to sell Sun Oil products exclusively at the plaintiff's station. *Hogan* v. *Lebel*, 95 N. H. 95. Other courts faced with similar situations have come to the same conclusion. *Caldwell & Taylor Corporation* v. *Nieberhelman*, 39 Ohio App. 136; *Barnett* v. *Clark*, 225 Mass. 185. We do not believe there has been such impossibility of performance of the agreement as to give the plaintiff a right to rescind. The authorities cited in his brief on this point make it clear that "to justify the termination of a contract on account of impossibility of performance, the impossibility must be complete and permanent." Black, Rescission and Cancellation, s. 208, p. 586; see also, Williston, Contracts, s. 670. The mere fact that the performance on the part of the defendant has lost value is not ground for rescission. *Bourn* v. *Duff*, 96 N. H. 194. "But the risk of losing the profits of the bargain rests on both parties alike." 6 Corbin, Contracts, s. 1339.

The plaintiff also argues persuasively that the doctrine of "commercial frustration" applies here to give rise to a right of rescission. However, again the cases he cites are distinguishable on their facts from the one before us. In such instances as the English Coronation cases where the defendant hired seats in certain houses to watch the coronation procession, the route of the procession was changed. *Krell* v. *Henry* (1903), 2 K. B. 740. There the defendant was deprived of "the *sole inducement* for entering into the con-

tracts." (Emphasis supplied). Williston on Contracts, s. 1954. Here the defendant may still sell the products provided for by the agreement at the plaintiff's station though they are produced by a different concern. Other cases cited by the plaintiff are similarly distinguishable on their facts from the situation here, as in the case of *Wilson* v. *Clark*, 60 N. H. 352, where certain buildings which a party had agreed to buy were burned and the Court held in effect that the main purpose of the contract having been destroyed, the plaintiff was relieved of her obligation to complete the transaction. It is plain that each case must rest upon its own facts, and that the degree of frustration is the decisive factor. Restatement, Contracts, s. 288, *comment a*, illustrations 1, 2 and 3. On the evidence which the court considered here we believe the implied finding (*York* v. *Misiak*, 95 N. H. 437) that the main purpose of the agreement had not been frustrated would be sustainable, except for an error in the exclusion of testimony hereinafter discussed.

As bearing on the intent of the parties that the defendant continue to market Sunoco products exclusively at the plaintiff's station, the latter offered evidence that when he expressed concern over the $75 minimum rent, the defendant's representative reassured him by telling him that "with Sun gas in there that they would after a year or two be doing a volume of one hundred and twenty to one hundred and thirty thousand gallons per year, and he needn't worry about it . . . . " The plaintiff claims that relying on the strength of this, he signed the lease. This offer was rejected, although the testimony bore directly on the main issue in this case and was competent as tending to show the mutual understanding of the parties. *Kann* v. *Company*, 85 N. H. 41, 46, and cases cited; *Hunt* v. *Company*, 94 N. H. 421, 423, 424; *Berke Company* v. *Bridge Company*, 98 N. H. 261, 266. This error was not cured by the admission of the testimony for the purpose of contradiction only. Since it cannot be denied that its exclusion may have affected the result, it follows that there must be a new trial. There being no other exceptions of merit, the order is

*New trial.*

All concurred.