Curtin, J.
This is a Dist./Mun. Cts. RAD. A., Rule 8B appeal by the plaintiff of the dismissal of her action on the grounds of insufficient service of process.
The parties’ Rule 8B Agreed Statement indicates that on July 1,1994, the plaintiff sustained injuries when her vehicle was struck by the defendant’s vehicle in an intersection collision. On June 4, 1997, the plaintiff commenced this negligence action in the Woburn Division of the District Court Department to recover for medical expenses, pain and suffering and lost wages.
On July 12,1997, the defendant was sewed with a copy of the complaint, a state *274 ment of damages and a summons. The complaint properly identified the trial court as the Woburn Division and set forth the correct Woburn docket number. However, the summons was inadvertently prepared on a Boston Municipal Court form and issued by that court.
On September 22, 1997, the defendant filed a Mass. R. Civ. R, Rule 12(b)(4) motion in the Woburn Division to dismiss the plaintiffs suit for insufficiency of service of process. The defendant argued only that the Boston Municipal Court summons he received was defective in form under Mass. R. Civ. R, Rule 4(b) because the summons failed to identify the Woburn Division as the trial court. After hearing, the defendant’s motion was allowed on October 30,1997. Although the dismissal was without prejudice, it effectively barred the plaintiff from pursuing her cause of action as the statute of limitations had by that time expired. A subsequent motion by the plaintiff for reconsideration and to vacate the dismissal to permit the plaintiff to amend process was denied on December 8,1997.
1. Pursuant to both statute and rule of court, a trial judge is authorized, in the exercise of his or her discretion, to permit a party to correct defects in service of process. “Ample” powers of amendment, Zussman v. Rent Control Board of Brookline, 367 Mass. 561, 565 (1975), are granted by G.L.c. 231, §51, which provides in pertinent part:
In all civil proceedings, the court may, at any time ... allow any other amendment in matters of form or substance in any process, pleading or proceeding which may enable the plaintiff to sustain the action for the cause or for recovery for the injury, for which the action was intended to be brought....
See Browning-Drake Corp. v. Amertran Sales Co., 274 Mass. 545 (1931) (amendment of officer’s return of service). Generally, § 51 is applied liberally. George Altman, Inc. v. Vogue Internationale, Inc., 366 Mass. 176, 181 (1974).
With specific reference to service of process, G.L.c. 223, §84 provides:
If in a civil action the defendant makes a motion to dismiss the action for insufficient service of process, the court may dismiss the action without prejudice or may quash the process and allow the issuance and service of new process in accordance with applicable rules of court.
Section 84 is intended and designed for the “correction of service actually attempted but deficient.” Crete v. Audet, 353 Mass. 725, 731 (1968). The remedial character of both §84 and G.L.C. 231, §51 would appear consistent with the “modern judicial attitude” which “disfavors decisions on the basis of mere technicalities and seeks to assist, not hinder, persons who have cognizable legal claims to bring their problems before the court.” Konover Mgm. Corp. v. Planning Board of Auburn, 32 Mass. App. Ct. 319, 323 n.8 (1992).
The “applicable rule of court” for the amendment of service is Mass. R. Civ. R, Rule 4(g), which states:
At any time in its discretion and upon such terms as it deems just, the court may allow any process or proof of service thereof to be amended, unless it clearly appears that material prejudice would result to the substantial rights of the party against whom the process is issued.
The Reporter’s Notes indicate that Rule 4(g) “tracks Federal Rule 4(h) verbatim. It follows the spirit of the Federal Rules, refusing to allow ‘technicalities’ to obstruct justice ... [and] work[s] no substantial change in Massachusetts practice. See G.L.c. 231, §51.” In the absence of Massachusetts case law construing Rule 4(g), we thus turn to judicial interpretations of the comparable Federal rule. Strom v. *275 American Motor Co., 423 Mass. 330, 335 (1996).
Federal Rule 4(h) is applied liberally “to alleviate errors of a technical nature in the form of the summons that are not misleading or prejudicial” to the defendant. 4A C. WRIGHT AND A MILLER, FEDERAL PRACTICE & PROCEDURE, CIV.2d §1088. Despite general recognition of the “broad discretion” of the Federal courts either to dismiss a complaint for insufficient service of process or to permit amendment, “[i]t appears to have béen uniformly held ... that the dismissal of a complaint is an inappropriate exercise of such judicial discretion when there exists a reasonable prospect that service may yet be obtained.” DiDonato v. Mosher, 1996 Mass. App. Div.. 135, 136 and cases cited. Thus dismissal on the grounds of “an alleged defect in service ... due to a minor, technical error” has been upheld by Federal appellate courts only where “actual prejudice to the defendant or evidence of a flagrant disregard of the requirements of the rules” has been demonstrated. Libertad v. Welch, 53 F.3d 428, 440 (1st Cir. 1995). See also, Benjamin v. Grosnick, 999 F.2d 590, 592 (1st Cir. 1993); United Food & Commercial Workers Union v. Alpha Beta Co., 736 F.2d 1371, 1382 (9th Cir. 1984). A defect in a summons served upon a defendant does not warrant dismissal for insufficiency of service of process where the defendant receives notice of the lawsuit and is not deprived of an opportunity to defend. Libertad v. Welch, supra at 440.
2. Applying these principles to the present case, we note first that there is no indication of prejudice of any kind to the defendant resulting from the technical defect in the form of the summons served upon him. As evidenced by the fact that the defendant filed his Rule 12(b) (4) motion in the Woburn Division, the plaintiffs inadvertent use of a Boston Municipal Court summons form in no way misled the defendant as to the trial court in which the action against him was pending. The Woburn Division was correctly designated as the trial court in the plaintiffs complaint, and the action was identified therein by the appropriate Woburn docket number. The defendant was not deprived of prompt, timely notice of the plaintiffs suit commenced within the applicable statute of limitations, and was in no way prevented from answering and defending against the same. Conversely, the dismissal of the plaintiffs suit after the expiration of the limitations period on the basis of a technical defect in the form of the summons visited the ultimate prejudice upon the plaintiff who was thereby deprived of any recourse against the defendant for his alleged negligence, and any opportunity to recover for the losses she has sustained. Under such circumstances, the allowance of the defendant’s motion to dismiss improperly “exalt[edj the form of Rule 4 over its substance and purpose.” Id. at 441.
Accordingly, the allowance of the defendant’s motion to dismiss, and the denial of the plaintiff’s motion to amend service are hereby reversed.
So ordered.