CITY OF ST. LOUIS, *Appellant*, V. ARNOT.

1. **Municipal Corporation** : SAINT LOUIS : ACTION FOR SECRET USE OF WATER. In an action by the city of St. Louis for the value of water alleged to have been secretly used by the defendant from 1876, to March 1, 1884, where the defendant admitted the use of water, without his knowledge, from January, 1884, when the secret pipe was connected with the main pipes by a mistake of his employes, no presumption arose from such admissions of the existence or improper use of the secret pipe prior to the latter date.

2. **Practice** : BURDEN OF PROOF. It devolves upon the plaintiff to establish, by proof satisfactory to the jury, the matters alleged in the petition and not admitted by the answer.

3. **Municipal Corporation**: ACTION FOR SECRET USE OF WATER : EVIDENCE. In an action by a city for the value of water used through a secret pipe, not connected with a meter, what defendant said with reference to such pipe could be shown by any one who heard it; but evidence by a third person of what the defendant's employes told such third person that defendant had said to them, was mere hearsay and properly excluded.

4. ———— : ———— : ————. In such action it is competent for the inspector, in describing how he and his assistant discovered the secret pipe, to relate what directions he gave his assistant in the matter.

5. ———— : ———— : ————. In such action evidence of the cost of the waterworks, as a basis of water rates, is irrelevant and inadmissible.

6. ———— : ———— : ————. In estimating how much water defendant gathered in a tank from the roof of his stable, it was not error to exclude the statement of the water commissioner, that a rain-gauge was kept at a station, and that reports were made therefrom to Washington University ; that he received such reports and from them knew such average rainfall. But the record of the rainfall kept by the university might have been read in evidence for that purpose.

*Appeal from St. Louis County Circuit Court.*—HON. W. W. EDWARDS, Judge.

AFFIRMED.

*Leverett Bell* for appellant.

(1) The court erred in giving instruction numbered three at defendant's instance. (2) The court erred in giving instruction numbered two for defendant. (3) The witness, Scott, should have been allowed to testify as to what orders defendant's employes told him they had received from defendant with reference to the pipe. The testimony as to the cost of the waterworks was competent, and the testimony of the water commissioner as to his knowledge of the average rainfall should not have been excluded.

*Fisher & Rowell* and *Joseph H. Zumbalen* for respondent.

The defendant's affidavit for a change of venue was proper. *Rose v. St. Charles*, 49 Mo. 509; *Fulweiler v. St. Louis*, 61 Mo. 479. The instructions given on behalf of defendant correctly declared the law. Plaintiff never asked the court to declare that the existence of a state of facts at the time the alleged discovery of the pipe was made, raised a presumption of its existence prior to that date, and it would have been error if it had obtained such an instruction. It tried it upon another theory and must abide by it. *Duffy v. Railroad*, 19 Mo. App. 380; *Davis v. Brown*, 67 Mo. 313; *Garnigle v. Dougherty*, 71 Mo. 259; *Holmes v. Braidwood*, 82 Mo. 611; *Thorpe v. Railroad*, 89 Mo. 650. The admissions of defendant, while competent evidence against him, could not be established by hearsay testimony.

BLACK, J.—The defendant is the proprietor of a livery-stable in the city of St. Louis, and in connection with his business used water supplied by the city from 1876, to March 1, 1884, and for which he was charged.

according to the amount registered by a meter. The petition states that during that period he made use of a concealed pipe by which his stable was connected with the city supply in such a way that a large quantity of water passed from the water mains and was by him consumed without passing through the meter, and hence not registered or paid for; that the water thus used was of the value of $3,131.50. The answer, besides a general denial, states that, on the twenty-ninth of January, 1884, while repairing the pipes connecting with those of the water department, defendant's employes, by mistake, made a connection with a pipe so as to convey water to the stable which did not pass through the meter; that as soon as the mistake was discovered he caused the pipe to be disconnected. Defendant admits his liability for water thus used and not paid for from January 29 to July, 1884, and tendered fifty-seven dollars in payment therefor.

For the purposes of this appeal, it is enough to say that, on the twenty-fifth of July, 1884, the principal and assistant meter inspectors discovered a pipe through which water flowed to the stable without passing through the meter; this was followed and preceded by other evidence tending to show that the pipe had been thus used for eight years. On the other hand the evidence for the defendant tended to show that this connection was made by the defendant's foreman in January, 1884, by mistake, and that, previous to that time, all the water used was duly registered by the meter. This evidence for defendant is strengthened by the testimony of Doyle, inspector of meters from 1876, to December, 1883.

1. Objection is made to some of the instructions given for the defendant, which contain these propositions: (1) That the burden of proof was on the plaintiff to show that, prior to January 28, 1884, there was a pipe in the stable through which water flowed, and which

was not measured by the meter; (2) that the admissions
in the answer did not raise a presumption that water
was improperly used prior to January 28, 1884. It cer-
tainly devolved upon the plaintiff to establish, by proof
satisfactory to the jury, the matters alleged in the peti-
tion and not admitted by the answer. The principle,
that recent possession of stolen property raises a pre-
sumption that the party in possession was the thief, has
no application to these instructions. There is no admis-
sion that defendant ever had or used a drop of stolen
water; nor does the defendant admit that he knowingly
used unregistered water. He does admit and states that,
in January, 1884, when the pipes were repaired from
damage by frost, a connection was made through which
water flowed without being registered; but he says this
was done by mistake of his foreman, and the pipe being
under ground it was not discovered by him. It was a
fact in the case to be considered by the jurors, but it
raised no presumption of a prior illegal use of water.
There is a class of cases where a thing once shown to
exist, a continuance will be presumed, until the con-
trary appears: thus a seisin, once proved or admitted,
is presumed to continue, until a disseisin is shown.
Perhaps an instruction might have been given that, if a
secret pipe was shown to exist at any specified date, its
continuance would be presumed until the contrary ap-
peared, but such an instruction would not have been in
conflict with those given. The instructions do not inter-
fere with the principle of law just stated, and there is
no valid objection to them.

2. Scott testified that he never heard anything
about a secret pipe from defendant, but had heard about
it from defendant's employes. What defendant said
could be shown by any one who heard the remark; but
evidence by Scott of what the men told him defendant
had said to them was mere hearsay, and properly ex-
cluded.

3.   Inspector Carder described how he and assistant inspector Rolph discovered the pipe on the twenty-fifth of July, 1884, and what each did in making the discovery, but the court excluded the evidence as to what the inspector said to Rolph.   This evidence related simply to directions given Rolph.   The directions were oral acts, and it was just as competent for Carder to repeat what he said, as it was for him to say he gave this, that, or the other direction.   But the method by which the connection of the pipe was made, was fully disclosed and conceded by the defendant, and no harm was done in excluding the evidence.

4.   Evidence that the waterworks cost the city eight or nine millions of dollars, and that the water rates were based upon the cost of the works, was wholly irrelevant to any issue in the case.

5.   To show how much water defendant gathered in a tank from the roof of his stable, and we suppose to determine how much should be deducted from the whole amount of water estimated to have been used, the plaintiff called the water commissioner, who stated that a rain-gauge was kept at a station and reports were made therefrom to the Washington University, and that he received the monthly reports of the university, and from these reports he knows the average rainfall.   He was then asked to state what it had been for the last eight years, which evidence was excluded.   It has been held that the record of the weather kept at a public institution might be read to show the temperature on a given day. *DeArmond v. Neasmith*, 32 Mich 231.   So we think the record of the rainfall kept by the university might have been read in evidence for the purpose of affording the basis of the proposed calculations.   But the plaintiff did not propose to read the record, nor were these reports made by the university offered.   The evidence offered disclosed better evidence of the fact proposed to be proved, easily attainable, and there was no error in

excluding it. Besides this, the jury evidently found there had been no use of unregistered water prior to January, 1884, and we do not understand it to be claimed that the damages awarded are too small for the balance of the time covered by the petition. The judgment should not be reversed under such circumstances, even if proper evidence as to the amount of damages had been excluded.

Judgment affirmed. Ray, J., absent. The other judges concur.