### EX PARTE WILL H. PRICE.

#### *No. 1270.  Decided March 3rd, 1897.*

**County Convict Bond—Approval of.**

A County Attorney has no authority to accept county convict bonds, and his acceptance of such a bond, and agreeing, at the time, to secure the approval of the County Judge, did not validate the bond. The bond can only be legally accepted by the County Judge, and, until so accepted, it is not a valid obligation which will protect the convict from arrest by the sheriff.

APPEAL from the County Court of Erath.  Tried below before Hon. THOMAS B. KING, County Judge.

Appeal from a judgment remanding to custody on a habeas corpus hearing.

The opinion states the case.

No brief for relator.

*Mann Trice*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was arrested upon two capiases pro fine, the aggregate amount of the two being $106.80. He sued out a writ of habeas corpus, thereby seeking his release from imprisonment under said capiases. Upon the trial of said writ he was remanded to custody. The statement of facts found in the record is not signed by the attorney, nor approved by the court; hence it cannot be considered. Looking to the face of the petition for authority for the writ, we find that the applicant alleges that J. G. Bragg, as principal, and Elmer Leach, W. T. Croslin and A. McCampbell, Jr., as sureties, gave or executed a convict bond for the release of the appellant; that this bond was accepted by the County Attorney, for the purpose of being approved by the County Judge of said county; that said attorney failed to have the same approved by said County Judge; that Bragg, the principal, at the time he executed the bond, paid the sum of $8.90, and agreed to pay the same amount each month thereafter until the whole amount was paid. Appellant further alleges that by reason of the acceptance of this bond and the first payment thereon, and because the contract was not canceled, he was discharged from further liability under the judgment aforesaid. This bond was not approved by the County Judge of said Erath County until applicant's "term of service under said bond was about out." Under the statements made by the applicant as above set forth, it is shown that the bond was not an existing valid obligation,

and did not protect him from arrest by the sheriff, of which he complains. The action of the County Attorney in accepting the bond, and agreeing at the time to secure the approval of the County Judge thereon, did not validate the bond. The County Attorney has no authority to accept convict bonds. This must be done by the County Judge. The judgment is affirmed.

<em>Affirmed.</em>