## Ex Parte Rome Ransom.

### No. 1347. Decided June 25, 1897.

**County Convicts—Hirer's Bond.**

The bond given by the hirer of a county convict, to be valid, must be approved by the county judge. And where a bond had been signed by the hirer and surety, but was never returned to nor approved by the county judge, the fact that the convict worked for the hirer a sufficient length of time to pay off his fine and costs, and though he believed he was at the time working out his fine and costs, would not entitle him to be discharged from arrest under a capias pro fine issued upon the judgment for the fine and costs.

APPEAL from the County Court of Hunt. Tried below before Hon. W. H. RAGSDALE, County Judge.

Appeal from a judgment remanding relator to custody upon a habeas corpus proceeding for discharge.

The opinion states the case.

*W. N. Brooks*, for relator.

*Mann Trice*, Assistant Attorney-General, for respondent.

DAVIDSON, JUDGE.—Relator was arrested on a capias pro fine issued out of the County Court, for the balance due on fine and costs adjudged against him on a conviction for carrying a pistol. The statement of facts shows that, after his conviction in the County Court, his stepfather, Charley Christian, secured a convict bond from the County Judge to sign and secure necessary sureties, for the purpose of hiring out relator as a county convict. Christian never returned the bond, and the County Judge never approved the same. Christian signed said bond, and procured James Barnett to sign it as surety, but did not return it to the County Judge for his approval. The relator worked with Christian a sufficient length of time to have discharged the indebtedness adjudged against him. Christian paid $20, which was credited upon the judgment of conviction. Relator's contention seems to be that because he has worked a sufficient length of time with Christian to pay off the fine and costs, and believed that he was working out his fine under these acts of Christian, he should be discharged. This question was before this court at its recent Dallas term, and decided adversely to relator's contention. See Ex Parte Price, 37 Texas Crim. Rep., 275. The bond spoken of in the statement of facts was not an existing valid or legal obligation, and did not protect relator from the arrest of which he now complains. The action of Christian in signing the bond, and procuring Barnett as a surety upon it, did not make it a valid bond. Before this can be done, the bond must be approved by the County Judge.

There was no error in the action of the trial court, and the judgment is affirmed.

*Affirmed.*