## W. W. Holland v. The State.

### No. 6573.   Decided April 12, 1922.

**1.—City Charter and Ordinance—Secondary Proof.**

A copy of a newspaper purporting to publish the alleged ordinance is inadmissible in evidence, without accounting for the original ordinance.

**2.—Injurying Fence of Another—City Charter and Ordinance—Insufficiency of the Evidence.**

Where the prosecution was based on article 1240, P. C., declaring it unlawful for any person to break, pull down, or injure the fence of another without his consent, and alleged that the fence belonged to the city of Overton, and was used for the impounding of stock, etc., in the corporate limits of said city, but the evidence showed no authority for the impounding of such stock and did not coincide with the averments in the information, the conviction could not be sustained, following Klein v. State, 39 Texas S. W. Rep., 369.

Appeal from the County Court of Rusk. Tried below before the Honorable J. P. Watson.

Appeal from a conviction of unlawfully injuring the fence of another; penalty, a fine of $10.

The opinion states the case.

*Futch & Cooper,* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

MORROW, PRESIDING JUDGE.—Appellant was convicted of injuring a fence; punishment fixed at a fine of ten dollars.

It was charged in the complaint and information that the appellant broke, pulled down and injured a fence belonging to the city of Overton, in the possession of Lee Gipson, "being for the impounding of stock unlawfully running at large within the incorporate limits of the said city of Overton."

The prosecution is founded upon Article 1240 of the Penal Code, declaring it unlawful for any person to break, pull down or injure the fence of another without his consent.

The only proof that there was an ordinance of the city of Overton prohibiting stock from running at large was embodied in the copy of a newspaper introduced against the objection of the appellant. The issue being whether there was such an ordinance, the best evidence thereof would have been the minute-books of the city. The absence of these were not sufficiently accounted for to justify proof of their contents by secondary evidence. The objection should have been sustained.

Neither the newspaper publication as set out in the bill of exceptions or statement of facts states the terms of the ordinance, nor the time when it became effective. The mayor and aldermen of the city in their testimony disclaimed any knowledge of the existence of such an ordinance.

It appears that certain mules belonging to the appellant were kept by him at his residence in Overton and used to work his farm nearby; that while they were being taken to the farm by an old negro, they were taken possession of by Leonard Warren. Just where they were and what they were doing at the time is not revealed. Warren claimed to be acting as an officer of the city—a deputy marshal. It was shown without dispute that he was not a deputy marshal; had never received an appointment as such, and had never qualified as such; that his only authority consisted in the permission given him by the city marshal to look after the matter of impounding stock. Gipson, the person named in the complaint as in possession of the fence, disclaimed any connection with the transaction. It is not shown by any specific testimony that the stock were running at large within the city limits of Overton.

The appellant, immediately upon learning that his mules were

impounded, sought the city marshal and asked for the release of his stock, offering to pay the charges for impounding them, and the marshal replied that he had no connection with the matter and had no interest in it. Appellant then sought Warren and was refused possession of the stock unless he paid for two days' feed and some other charges. This the appellant declined to do, but went into the enclosure and knocked off a plank, pressed down a wire and released his stock, immediately afterwards replacing the plank and the wire in the condition in which he found them.

Several special charges were requested, but we pretermit a discussion of them. The bill of exceptions to which we have referred renders a reversal of the judgment necessary, and we will add that we regard the evidence insufficient to support the prosecution. No authority for impounding the stock is shown. The evidence does not coincide with the averments in the information. It not appearing that appellant's stock was lawfully impounded, he violated no law in releasing them in the manner in which it was done.

In a similar case, where the accused released his cattle impounded without authority by an individual, it was said by this court:

"He had no right to impound them, as no steps authorizing this procedure had been taken by him, and clearly the defendant had a right to regain possession of his cattle by means short of a breach of the peace." (Klein v. State, 39 S. W. Rep., 369.)

For the reason stated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*