MELBA KIRKPATRICK and GEORGE L. KIRKPATRICK, Infants, By ELLA H. KIRKPATRICK, Their Next Friend, Appellants, v. ROLLA WELLS, Receiver of United Railways Company of St. Louis.— 6 S. W. (2d) 591.

Division One, April 11, 1928.

*Geers & Geers* and *Earl M. Pirkey* for appellants.

*T. E. Francis* and *W. H. Woodward* for respondent.

GANTT, J.—Action by plaintiffs, through their next friend, for the death of their father, which occurred December 20, 1922. On the day in question he boarded a street car and sat in the circular seat on the platform. After riding some distance, apparently asleep, the conductor and motorman attempted to arouse him, and, being unable to do so, called a police officer.

The evidence for plaintiffs tend to show the conductor, motorman and police officer dragged the deceased from the car to the sidewalk, where he remained until the arrival of a patrol wagon to take him to a hospital. Before the wagon arrived he died.

The evidence for defendant tends to show that he was not dragged, but was carried from the car to the sidewalk, and such care taken of him as was possible.

It is the contention of plaintiffs that deceased died as a result of injuries received at the hands of the employees of defendant, and it is the contention of defendant that he died from natural causes.

The charge of negligence is as follows:

"That on December 20, 1922, said Thomas K. Kirkpatrick took passage as a passenger on defendant's Cass Street car and thereafter on said day while he was still on said car and was a passenger thereon and while said car was on St. Louis Avenue at or near Marcus Avenue, all in the city of St. Louis, Missouri, defendant's conductor and motorman in charge of said car did negligently shake, jerk, shove and move said Thomas P. Kirkpatrick in said car and out of said car and against said car and parts thereof and affixed thereto and the street and sidewalk including the curb thereof whereby he received injuries from which he died on December 20, 1922, in the city of St. Louis, Missouri."

The answer admitted the appointment of defendant as receiver of the United Railways Company, and denied generally the allegations of the petition. Judgment was for defendant, and plaintiffs appealed.

I. Plaintiffs complain of defendant's instruction numbered 2, which is as follows:

"If you find and believe from the evidence that the death of Thomas Kirkpatrick was solely caused by disease, regardless of what disease it may have been, and that it was in no way con-  nected with or produced by any act of the motorman or conductor of the street car, then you are instructed that your verdict must be for defendant."

Plaintiffs argue that conceding deceased was afflicted with nephritis, the injury may have caused an acute attack thereof which directly caused his death. It is insisted that under the instruction if he died of nephritis the plaintiffs could not recover.

The instruction is not subject to the criticism, for the reason it required the jury to find death was caused solely by disease and was not the result of any act of defendant. The contention is overruled.

II. Plaintiffs complain of instruction numbered 3, which is as follows:

"You are instructed that the defendant was not responsible for any act of the police officer, which you may find and believe from the evidence was done wholly in his capacity as a police officer of the city of St. Louis, and not at the direction of the defendant."

The charge of negligence is as follows:

"Defendant's conductor and motorman in charge of said car did negligently shake, jerk, shove and move said Thomas P. Kirkpatrick in said car and out of said car and against said car and parts thereof and affixed thereto and the street and sidewalk, including the curb thereof."

Under the issues the instruction was proper, and the contention is overruled.

III. Plaintiff contends the court was in error in sustaining an objection to the following question, asked by plaintiffs' counsel on cross-examination of defendant's witness, Policeman Dreyer:

"So you thought it was proper when you find a man so sick he could not talk to go and lay him over on the sidewalk, on a December night?"

The action is for negligence of the motorman and conductor. The thoughts of the policeman were immaterial to any issue in the case. The contention is overruled.

IV. Plaintiffs contend the court should not have admitted in evidence the record of St. John's Hospital purporting to show the disease with which Kirkpatrick was afflicted when confined therein, for the reason that said hospital is not a public institution, there is no rule of law requiring records to be kept by private hospitals, and they were not kept by officers under the law.

It is not objected that the record is privileged. Plaintiffs admit if the record offered in evidence was the record of a public hospital, it should have been admitted. [Galli v. Wells, 209 Mo. App. 460, 239 S. W. 984.] Under the general rule all records required by law to be kept are admissible if properly identified. [St. Louis v. Arnot, 94 Mo. 275, 7 S. W. 15; Priddy v. Boice, 201 Mo. 309, 99 S. W. 1055; St. Louis Gaslight Co. v. St. Louis, 86 Mo. 495; Levels v. St. Louis & H. Railroad Co., 196 Mo. 606, 94 S. W. 275.] Section 5812, Revised Statutes 1919, requires public and private hospitals to keep a record of the diseases of all patients. Therefore, a record kept by St. John's Hospital in compliance with the law is of equal dignity with a record kept by a public hospital. If a record of a public hospital is admissible, there can be no sound reason why a record of St. John's Hospital is not admissible. The person or persons making the record are performing a public duty under the law. The court ruled correctly, and the contention is overruled.

V. Plaintiffs contend the court was in error in not permitting plaintiffs' witness, Dr. Harmon, to testify from memory as to whether or not the record of St. John's Hospital showed that Kirkpatrick had interstitial nephritis. The objection was sustained on the ground the record was the best evidence. The court ruled correctly, and the contention is overruled.

VI. During the examination of Dr. Carriere by plaintiffs he testified that the kidneys were practically alike in size and shape; thereupon, after the witness admitted that a book handed him was the latest edition of Gray's Anatomy, and that it was a standard work, he was asked to examine the picture of the kidneys in the book and answer if they are alike in size and shape. On objection by defendant that the picture was the best evidence, the court refused to permit the witness to answer. Plaintiffs contend this was error. We do not think so. After the witness examined the picture it would have been proper for plaintiffs to inquire if he still testified the kidneys were of the same size and shape. The contention is overruled.

VII. A hypothetical question was submitted to Dr. Ambrose by defendant, and he answered as follows:
"In my opinion, that man's death was the result of chronic nephritis, or Bright's disease. I base that opinion on the history given me which is very characteristic of the advanced stages of Bright's disease and on the post-mortem findings. If the post-mortem was done by a man who was in the habit of doing them he would not overlook a blood clot in the brain, because the brain is laid open, it is taken out of the skull and sections are made so you can see with the naked eye the blood clot."
Counsel for plaintiffs moved the latter part of the answer be stricken out, for the reason the doctor was not present at the post-mortem examination. The court should have sustained the motion. The latter part of the answer is a voluntary opinion of the witness. The contention is sustained.

VIII. Counsel for defendant in his argument referred to Roy Dickerhoff, a witness for plaintiffs, as follows:
" . . . I have seen men upon the stand, I have prosecuted men in the Federal court for every type and character of crime, from perjury on up and down, and I think I can tell by the conduct of a man on the stand and his method and manner and his own admissions, his character; and when he gets to the point where he wants to make the story so good that he makes it so ridiculous on its face that a seven-year old school boy would not believe it, then that

man, gentlemen, is just a common perjurer; just a common perjurer; that is what the man did in this case—not satisfied with simply having this man handled roughly, not satisfied in having him against some bar, something of that sort—in his desire and his enmity towards the Police Department—for which there is a reason—he wants to make it so good that he has this man dragged off of the platform from the car by his heels."

Counsel for plaintiffs objected for the reason there was no evidence tending to show the witness harbored a feeling of enmity toward the Police Department, or that he had reason to harbor such feeling. The court overruled the objection, and counsel saved an exception.

The statement of counsel about his experience as a prosecutor in the Federal court and his ability to determine the character of a witness was prejudicial, but counsel for plaintiffs did not object to this part of the argument. The objection covers only that part of the argument with reference to the alleged enmity harbored by the witness against the Police Department. During the examination of the witness counsel for defendant asked if he had been arrested. Before an objection could be made the witness answered, "Yes." Counsel for plaintiffs objected, the court sustained the objection and struck the question and answer from the record. Thereupon, the witness, in answer to questions of the court, stated that he had no acquaintance with the policeman, had not met him before that night, and did not at that time have any feeling against him; that on the night in question he did not approve of the treatment of the deceased. This is all the evidence on the subject. There is no evidence tending to show enmity toward the Police Department, and the record is absolutely barren of a reason for such enmity. Dickerhoff was the only witness for plaintiffs who was present at the time the deceased was taken from the car; and this attack on him without evidence to support it should not have been permitted. While plaintiffs did not object to the first part of this argument, it is so connected with the latter part of the argument that it cannot well be separated. The court by overruling the objection approved the argument. It was made with the sanction of the court and was prejudicial.

Other assignments of error will disappear on a retrial.

For the errors noted the judgment is reversed and the cause remanded. All concur.