**BROWN v. NEW YORK INDEMNITY CO.**

No. 8607.

Circuit Court of Appeals, Eighth Circuit.

Feb. 20, 1930.

Rehearing Denied May 3, 1930.

Lyon Anderson, of St. Louis, Mo. (John S. Leahy, Walter H. Saunders, and Leahy, Saunders & Walther, all of St. Louis, Mo., on the brief), for appellant.

John S. Marsalek, of St. Louis, Mo. (W. E. Moser, of St. Louis, Mo., on the brief), for appellee.

Before STONE and GARDNER, Circuit Judges, and MILLER, District Judge.

STONE, Circuit Judge.

This is an appeal from a judgment on verdict in favor of defendant in a suit on an accident insurance policy.

The injury, resulting in death, was a hernia. The contest in the trial court centered around the contention that the deceased had had a former hernia which had contributed to the fatal hernia, and that this excused defendant under a clause of the policy releasing it from liability, where the injury was "caused or contributed to directly or indirectly, wholly or partly, by bodily or mental infirmity or disease."

Appellant argues here two matters. The first is a claimed error in the charge given. The second is a claimed misconduct of one of the jurors arising in connection with an inquiry as to his qualifications.

I. The portion of the charge objected to is that underlined in the extract from the charge, as follows:

"The Court therefore instructs you that, even though you believe and find from the evidence in this case that Harold L. Brown, the assured, died on or about the 29th of July, 1926, as a result of an operation for a strangulated, umbilical hernia suffered on the 23rd of July, 1926, yet if you further find from the evidence that said hernia suffered by the said Harold L. Brown on the 23rd of July, 1926 was contributed to by a bodily infirmity produced by a former hernia at the same place, then the Court instructs the jury that you cannot find for the plaintiff in this case.

"If you believe from the evidence in the case that during the early part of the year 1925, Harold L. Brown, the assured, suffered an umbilical hernia, and that said hernia

caused or enlarged an opening in his abdominal wall and produced a hernial sack at said point, and that said conditions were not cured, but continued until the 23d day of July, 1926, and that on the latter date the said Harold L. Brown suffered a second hernia, and if you find that the conditions resulting from said prior hernia, if you believe there was any such, *had any part* in causing or bringing about the second hernia, then the Court instructs you that the plaintiff is not entitled to recover, because in such case the death of the said Harold L. Brown was not the result of said occurrence of July 23, 1926, directly and independently of all other causes, but was contributed to by said prior hernia."

Appellee makes three answers to this contention, one of which is that no proper exception was taken to preserve the alleged error of which complaint is here made and argued. The entire exception to the charge is as follows:

"I wish to except to the refusal of the Court to give the instruction warranting the jury in finding that the refusal of the defendant to pay the policy was vexatious, and refusing to permit the jury to find penalties and attorney's fees.

"I wish further to save an exception to the instruction of the Court with reference to terms and conditions of the policy, as even though the deceased had a hernia prior to his demise, and if said hernia had healed or was cured, then the fact that he had a previous hernia could not be taken into account in determining that he had any weakness of the body, as provided in the statute."

It is obvious that the last word quoted should be "policy" instead of "statute." It is very doubtful whether this exception was sufficient to preserve the matter now argued. However, treating the exception as sufficiently preserving the matter covered thereby, the contention of appellant is not well founded. The exception goes no further than to challenge the charge because it did not tell the jury that recovery would not be barred if the earlier hernia "had healed or was cured." It is argued that "the bodily infirmity cannot be said to be a contributing factor within the meaning of the policy unless it contributed in a *substantial* way, as a direct, effective and moving cause, to such an extent that death would not have resulted had it not been for said bodily infirmity. In the case at bar, the jury were authorized to find for the defendant if the alleged bodily infirmity contributed, in *any degree,* without reference to whether

or not death could have resulted independently thereof."

The policy contract was for no liability, if the injury was "caused *or contributed to directly or indirectly, wholly or partly,* by bodily or mental infirmity or disease" (italics inserted). In the first paragraph quoted above from the charge, the court followed the very wording of the policy, and required the earlier hernia to have "contributed to" the injury now in suit.

In the second quoted paragraph the court required that the former hernia "caused or enlarged an opening in his abdominal wall and produced a hernial sack at said point, and that said conditions *were not cured, but continued until*" (italics added) the happening of the accident, and that, "if" such conditions "had any part in causing or bringing about the second hernia," then the death was "contributed to by said prior hernia." In short, the court said that, if the prior hernia was *uncured,* and had produced a hernial sack continuing up to the accident, and that condition had any part "in causing or bringing about" the fatal hernia, it contributed to the result within the meaning of the policy. The court not only required the jury to find the uncured conditions had continued to the time of the accident but that they had part in "causing or bringing about" the fatal result. A thing does not have part in *causing* or in *bringing about* a result if the result would have happened in spite thereof. Thus the charge abundantly met the specific objection pointed out in the exception.

The argument that the prior condition must *substantially* contribute to cause the result goes outside of the exception, and also beyond the contract in the policy if it means more than above pointed out.

II. The attack upon the conduct of a juror is presented in the motion for a new trial. The claim is that the juror concealed his connection with insurance companies when questioned concerning such. Two of counsel for appellant filed supporting affidavits. Counter affidavits of a deputy clerk, the juror, and two of counsel for appellee were filed. A square controlling issue of fact was presented by these several affidavits. The motion for new trial stated eight grounds, including this one involving the conduct of the juror. The court denied the motion on the ground that a verdict should have been directed for appellee. The relief sought here is not aimed at the failure of the court to rule on this particular ground of the motion. It does not seek to compel a ruling thereon.

It seeks to have the judgment set aside and a new trial granted because of this alleged misconduct of the juror. Such a determination would involve an original ruling by this court on a controverted matter of fact occurring during the trial. Even if we might disregard the memorandum of the trial court on ruling the motion and look only to the result —overruling of the motion—yet we would be met by the rule repeatedly announced by the Supreme Court, this and other federal appellate courts, that ruling on motions for new trial are addressed to the discretion of the trial court and are not reviewable. A case in this court, so holding, where a juror was charged (in the motion for new trial) of having concealed acquaintance with counsel, is Chicago, B. & Q. R. Co. v. Conway (C. C. A.) 29 F.(2d) 551, 552. Obviously, a ground of the kind here involved dependent upon a sharply controverted question of fact is peculiarly within the discretion of the trial court.

The judgment must be, and is, affirmed.