## BROWN v. MARYLAND CASUALTY CO.
### No. 9168.

Circuit Court of Appeals, Eighth Circuit.
Jan. 7, 1932.

Affirmed.

John S. Leahy, of St. Louis, Mo. (William O'Herin, Lyon Anderson, and Leahy, Saunders & Walther, all of St. Louis, Mo., on the brief), for appellant.

William H. Allen, of St. Louis, Mo. (W. E. Moser and John S. Marsalek, both of St. Louis, Mo., on the brief), for appellee.

Before VAN VALKENBURGH, BOOTH, and GARDNER, Circuit Judges.

GARDNER, Circuit Judge.

This was an action by appellant on a policy issued by the appellee, whereby the latter promised to pay to the former a stated sum for the loss of the life of Harold L. Brown, her husband, "resulting from bodily injuries effected independently and exclusively of all other causes through external, violent and accidental means." The parties will

be referred to as they appeared in the lower court.

The policy contained the further limitation: "This policy shall not cover accident, injury, disability, death or other loss caused or contributed to directly or indirectly, wholly or partly, by bodily or mental infirmity, ptomaines, bacterial infections (except pyogenic infections which shall occur simultaneously with and through an accidental cut or wound effected as hereinbefore provided) or by any other kind of disease."

Plaintiff in her petition alleged that on the 23d day of July, 1926, while the policy was in force, the insured, while sitting on his bed, was unexpectedly, suddenly, violently, and forcibly thrown back on the bed by his son, and that as a result his intestines were caused to protrude through his umbilical opening, and thereafter his intestines became strangulated and resulted in his death. Plaintiff testified that on the date of the accident her husband came home early and remained at home all afternoon; that after dinner in the evening, while sitting on the edge of the bed, having just finished a telephone conversation, his son suggested that they go out and take a walk. The insured not having heard the son's suggestion, the son repeated the remark a number of times, and, not receiving any response from his father, he gave him a shove back; that the son put his hands out and shook his father, giving him a hard shove to attract his attention, and the insured lost his balance. The insured was seated on the edge of the bed, and, when the son gave him this hard shove, he fell completely back on the bed. The insured lifted himself up with difficulty and remarked, "I think you have hurt me. You should not be so rough." The insured then walked up and down the room, holding his stomach and seeming very uneasy; that he, at plaintiff's suggestion, lay down and apparently went to sleep, but later got up and complained that, "This thing hurts an awful lot." Plaintiff put her hand on insured's stomach, and found a great big lump coming out. A physician was sent for who manipulated this protrusion, but did not succeed in doing anything much with it. A surgeon was then called, who ordered the insured taken to a hospital at once. This was about 4:30 o'clock the morning following the accident. The insured was then taken to a hospital and operated on almost immediately, and within three days thereafter died, having remained in the hospital in the meantime. When insured returned from the operating room in the hospital, there were bandages around his stomach. She also testified that she had not at any time prior to this occasion felt or noticed this lump that she found there that night of the accident; that she had never made an examination of her husband's abdomen before this particular evening, and, not having so done, she did not know whether the lump was there before that evening or not.

The son testified with reference to the accident that "I gave him quite a violent shove and he fell back on the bed and with difficulty he raised himself up"; that his father put his hand on his stomach and complained that the witness had hurt him and had given him quite a jolt.

There was testimony to the effect that the insured's eyesight was seriously impaired, and that he suffered frequent attacks of excruciating pain from his eyes, making it impossible for him to carry on his work at his office on such occasions. Insured was otherwise apparently in good health, although no one testified specifically as to whether prior to this accident he was suffering from hernia. The same accident here involved was the basis of plaintiff's claim in Brown v. New York Indemnity Co. (C. C. A.) 39 F.(2d) 443.

At the conclusion of the evidence, the court directed a verdict in favor of the defendant, and the action of the court in so doing is the sole error relied upon on this appeal.

■■ Under the terms of the policy, plaintiff was not entitled to recover, unless the death of the insured resulted from a personal bodily injury which was effected solely and independently of all other causes through external, violent, and accidental means. The burden was on her to prove that the death of the insured was so effected or caused. There was evidence showing that the insured suffered an accident through external violence. There was nothing in the nature of the accident to carry with it any presumption that it caused any serious injury. True, there was proof that immediately subsequent to the accident there was a protrusion of his abdomen. There was no proof, however, that this condition did not exist before the accident, nor was there any proof from which a jury might be permitted to guess that death resulted from this apparent injury, even if they might be permitted to find that the injury resulted from the accident.

■ To entitle plaintiff to recover, it was necessary to have proved: (1) That the injury was caused by the accident; (2) that such injury resulted in the insured's death; and (3) that no other cause contributed there-

to. The burden of proof was upon her. True, she was entitled to such favorable inferences as reasonable men might fairly draw from the testimony, but such inferences must be based upon facts and not upon other inferences. Militating against such inferences in this case was the absence of basic facts which apparently the plaintiff might readily have supplied as an aid to the jury. The two doctors who waited upon the insured following the accident died prior to the trial, but it appeared that the insured had been operated on at a hospital, and there was no testimony of nurses or internes, nor any one having personal knowledge of the character, nature, or extent of the ailment causing insured's death. There was not offered in evidence the statutory death certificate which would have disclosed the cause of insured's death, and which, under the laws of Missouri, was prima facie evidence in all courts and places of the facts therein stated. Missouri Revised Statutes 1929, §§ 9046, 9060; Simpson v. Wells, 292 Mo. 301, 237 S. W. 520; Griffith v. Continental Casualty Co., 299 Mo. 426, 253 S. W. 1043; Cropper v. Titanium Pigment Co. (C. C. A.) 47 F.(2d) 1038. The laws of Missouri also required that hospital records be kept, and such records are admissible in evidence. Missouri Revised Statutes, 1929, § 9056; Kirkpatrick v. Wells, 319 Mo. 1040, 6 S.W.(2d) 591.

There seems to have been a studied effort to make out a prima facie case so as to entitle plaintiff to go to the jury by invoking presumptions and inferences, rather than by proving basic facts going to the nature of the insured's injuries and the cause of his death. Inferences cannot be based upon other inferences, nor can a jury be permitted to base a verdict upon mere guess or surmise. Plaintiff's failure to produce the evidence which was manifestly available, such as nurses who must have attended the insured at the time of his operation and subsequent thereto, the hospital records, and the death certificate, gives rise to a presumption that, if produced, this evidence would have been unfavorable to plaintiff. Lincoln National Life Ins. Co. v. Erickson (C. C. A.) 42 F.(2d) 997; Ryan v. Continental Casualty Co. (C. C. A.) 47 F.(2d) 472; Ætna Life Ins. Co. v. Ryan (C. C. A.) 255 F. 483; National Ass'n of Railway Postal Clerks v. Scott (C. C. A.) 155 F. 92.

There was no substantial evidence warranting a verdict for the plaintiff, and the court properly directed a verdict for the defendant. The judgment appealed from is therefore affirmed.