**MUTUAL LIFE INS. CO. v. HARTUNG.**

No. 10453.

Circuit Court of Appeals, Sixth Circuit.

June 23, 1947.

William J. Shaw, of Detroit, Mich. (William J. Shaw, William G. Butler and Miller, Canfield, Paddock & Stone, all of Detroit, Mich., and Louis W. Dawson, of New York City, on the brief), for appellant.

Edward G. DeGree, of Detroit, Mich. (Edward G. DeGree and Stanley L. Fildew, both of Detroit, Mich., on the brief), for appellee.

Before SIMONS, ALLEN and MILLER, Circuit Judges.

PER CURIAM.

In an appeal from a judgment in the court below awarding to the appellee the double compensation provided in a life insurance policy for death resulting from bodily injuries effected solely through accidental means, the insurer complains of the failure of the record to establish the fact of accident by substantial evidence and complains also of error in the court's instructions to the jury upon the effect of a presumption against suicide.

Upon a careful consideration of the evidence we are of the opinion that the circumstances under which the insured met his death and such inferences as reasonably might be drawn therefrom, raised an issue of fact which the court was required to submit to the jury, and that by the jury's determination we are bound.

It is further the view of the court that the instructions of the district judge upon the law in respect to the presumption against suicide, including the instruction that the presumption is not evidence, were not so lacking in clarity as to constitute reversible error, that they were well within the rationalized concept of the presumption developed by us in New York Life Ins. Co. v. Ross, 6 Cir., 30 F.2d 80; International Life Ins. Co. v. Carroll, 6 Cir., 17 F.2d 42, 50 A.L.R. 362; Connecticut Mutual Life Ins. Co. v. Lanahan, 6 Cir., 112 F.2d 375, and Harrison v. New York Life Ins. Co., 6 Cir., 78 F.2d 421, and that the Michigan

cases are in substantial accord, Stuckum v. Metropolitan Life Ins. Co., 283 Mich. 297, 277 N.W. 891; Wishcaless v. Hammond Standish, 201 Mich. 192, 166 N.W. 993; Rathman v. New Amsterdam Casualty Co., 186 Mich. 115, 124, 152 N.W. 983, L.R.A. 1915E, 980, Ann.Cas.1917C, 459; Burnham v. Interstate Casualty Co., 117 Mich. 142, 75 N.W. 445. Wherefore

The judgment below is affirmed.